```
Superior Court of          UNITED STATES DISTRICT COURT
California                 CENTRAL DISTRICT OF CALIFORNIA
Metropolitan Division
Case no. S-1500-CL-262450      CIVIL MINUTES - GENERAL
```

| Case No. | CV 11-08549 SVW (AGRx) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Bako Res. Fund, LLC v. Christopher Lott, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Cruz | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO KERN COUNTY SUPERIOR COURT

Before the Court is a Notice of Removal filed by Blair Hanloh on October 14, 2011. (Dkt. No. 1). Hanloh is not a named party to this action. Thus, Hanloh's attempted removal of the instant action to this court is improper. Additionally, the other named defendants, Christopher and Kathy Lott, have not joined in or consented to the Notice of Removal.

I.   Lack of Standing

As Hanloh is not a named Defendant in the underlying state court action, she lacks standing to a remove the case to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1441. See Conway v. Delgado, No. 92-0905, 1992 WL 189428, at *2 (D.D.C. July 21, 1992) (concluding that the parties seeking removal from state court did not have standing to remove a case in which they were not defendants). Other district courts have similarly concluded that a non-party may not remove an action pursuant to 28 U.S.C. § 1441. See Juliano v. Citigroup, N.A., 626 F.Supp.2d 317, 319 (E.D.N.Y.2009) (citations omitted) ("In short, a non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446).

Hanloh claims she is the current owner of the subject property that Plaintiff alleges Defendants have failed to vacate and thus answers as a Doe Defendant to Plaintiff's claim. (Notice of Removal ¶ 2:4-5). However, under 28 U.S.C. § 1441, the citizenship of defendants sued under fictitious names shall be disregarded when evaluating a movant's notice of removal. Furthermore, even if Blair Hanloh is a "real party in interest" in the underlying action, she still "may not remove or participate in the removal of a case." Gross v. Deberardinis, 722 F.Supp.2d 532, 534 (D. Del. 2010). Blair Hanloh is not a party to the action, has not attempted to intervene in the action, and therefore, lacks standing to remove the case. See also Kane v. Republica De Cuba, 211 F.Supp. 855, 856-58 (D.P.R.1962) (remanding action where non-party who attempted removal could have intervened in the action, thus making removal "unimpeachable").

II.   Failure to Join other Named Defendants

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-08549 SVW (AGRx) | Date | November 30, 2011 |
|---|---|---|---|
| Title | Bako Res. Fund, LLC v. Christopher Lott, et al. | | |

JS - 6

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

    All proper defendants in an action must join or consent to a notice of removal.  28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  Prize Frize, 167 F.3d at 1266.

    Here, the removing individual, Hanloh, has offered no explanation whatsoever for the absence of Defendants Christopher and Kathy Lott.  The Court therefore concludes that Removing individual's failure to affirmatively explain the absence of the named Defendants renders the Notice of Removal procedurally defective.  See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.

    Given the removing individual's lack of standing in the case in addition to the procedural defects in this removal action, the Court Remands the case to Kern County Superior Court, Case No. S-1500-CL_262450, for failure to comply with the removal requirements of 28 U.S.C. § 1446.  See 28 U.S.C. § 1447(c); Prize Frize, 167 F.3d at 1266.

    IT IS SO ORDERED.